TRINA A. HIGGINS, United States Attorney (#7349)
KARIN M. FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

KAYLYNN FOULON, Trial Attorney, State of Florida Bar (#0085397)
U.S. Department of Justice
Criminal Division
Child Exploitation and Obscenity Section
1301 New York Ave., NW, 11th Floor
Washington, D.C. 20530
Email: Kaylynn.foulon@crim.usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LANDON GERMAINE, <br><br> Defendant. | Case No. 2:22cr301 <br><br> STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) <br><br> Hon. Clark Waddoups |

     I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

     1.    As part of this agreement with the United States, I intend to plead guilty to Count 1 of the Felony Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count 1, Attempted Sexual Exploitation via Production of Child Pornography, a violation of Title 18 U.S.C. § 2251(a) and (e):

     (1) That I knowingly employed, used, persuaded, inducted, enticed or coerced;

(2) A minor to engage in sexually explicit conduct to produce a visual depiction; and

(3) The images were produced using materials that had been mailed or shipped or transported in interstate commerce.

2.  I know that the maximum possible penalty provided by law for Count 1 of the Felony Indictment, a violation of 18 U.S.C. § 2251(a), is a term of imprisonment of up to thirty (30) years, a mandatory minimum term of imprisonment of fifteen (15) years, a fine of up to $250,000, a term of supervised release of not less than five (5) years and up to life, and any applicable forfeiture.  I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

  a.  Additionally, I know the Court is required to impose the following assessments:

   1.  Under the Amy, Vicky, and Andy Child Pornography Victim Restitution Act of 2018 ("AVAA") and pursuant to 18 U.S.C. § 2259A, the court may impose an assessment up to the amount of $17,000 if I have been convicted of 18 U.S.C. § 2252A(a)(5).  I understand that imposition of this assessment is guided by the factors listed in 18 U.S.C. § 3553(a) and § 3572.  I understand that the court may consider my ability to pay when imposing this assessment;
   2.  Under the Justice for Victims of Trafficking Act of 2015 ("JVTA") and pursuant to 18 U.S.C. § 3014, the court must impose an assessment in the amount of $5,000 on any non-indigent person convicted of an offense relating to the sexual exploitation of children.  I understand that imposition of this assessment is guided by factors listed in 18 U.S.C. § 3553(a) and § 3572. I understand the court may consider my future ability to pay when imposing this assessment;
   3.  The amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

  b.  Furthermore, restitution to the victims of my offense shall be ordered pursuant to 18 U.S.C. §§ 2259 and 3663A.

  c.  I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3.      I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4.      I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.      I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6.      I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

  a.  I have a right to the assistance of counsel at every stage of the proceeding.

  b.  I have a right to see and observe the witnesses who testify against me.

  c.  My attorney can cross-examine all witnesses who testify against me.

  d.  I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

  e.  I cannot be forced to incriminate myself, and I do not have to testify at any trial.

  f.  If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

  g.  The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

  h.  It requires a unanimous verdict of a jury to convict me.

  i.  If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> Beginning on or about November 19, 2018 and continuing through about January 21, 2020, in the Western District of Arkansas, and elsewhere, I knowing used JANE DOE, who was eleven and twelve years old at the time of the offense to produce sexually explicit images of JANE DOE. These images depicted JANE DOE engaged in sexually explicit conduct as defined in 18 U.S.C. 2256(2)(A) In particular, one video identified as IMG_158-.mov, is approximately 12 seconds in length and depicts JANE DOE masturbating with a pink object. The camera is focused on JANE DOE's vagina. Another image, IMG_1579.JPG, is a "selfie" styled image where JANE DOE is holding her leg in the air and her foot is placed on a mirror. JANE DOE's breasts and vagina are exposed to the camera. I know that these images were produced using materials that had been shipped, mailed, or transferred in interstate commerce. These actions were done in violation of 18 U.S.C. § 2251(a).

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

   a. **Guilty Plea.** I will plead guilty to Count 1 of the Felony Indictment, the United States will move to dismiss Count 2 of the Felony Indictment in this matter at the time of sentencing.

   b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be a term of 300 months incarceration followed by a lifetime term of supervised released, to run concurrent with Case #1:21cr71.

      (1)    I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court.  I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

      (2)    If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 300 months incarceration, followed by a lifetime term of supervised release, to run concurrent with Case # 1:21cr71 will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void.  Likewise, if the Court rejects the plea agreement and determines the sentence should be less than the 300 months incarceration followed by a lifetime term of supervised release to run concurrent with case #1:21cr71, I understand that the United States will have the right to move to vacate this agreement and all terms of this agreement will become null and void.

    b.  **Relevant Conduct.**  I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both.  I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

    c.  **Supervised Release.** I agree that a lifetime term of supervised is a reasonable term of supervised release in this matter.

    d.  **Appeal Waiver.**

      (1)    Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

      (2)    I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, fees, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

e. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

f. **Restitution.**

(1) I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. §§ 2259 and 3663A(a)(1) and (c)(1) based on the charge to which I am pleading guilty. My attorney has explained what mandatory restitution means.

I understand the victim in this case is not seeking restitution.

(2) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of restitution is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(3) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

g. **Wavier of Venue:** Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offense to which defendant is pleading guilty, to the extent the offense to which defendant is pleading guilty were committed, begun, or completed outside the District of Utah, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that

defendant might have to be prosecuted only in the district where the offense to which defendant is pleading guilty were committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offense to which defendant is pleading guilty.

   13. **Notice of Sex Offender Registration.**  I know that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: the location of my residence, the location of my employment; and, if I am a student, the location of my school.  Registration will require that I provide information that includes name, residence address, and the names and addresses of any places at which I am or will be an employee or a student.  I understand that I must update my registrations not later than three business days after any change of name, residence, employment, or student status.  I understand that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. ' 2250, which is punishable by a fine or imprisonment, or both.

   14. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah, the Western District of Arkansas, and and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

   15. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

* * * *

I make the following representations to the Court:

   1. I am 34 years of age.  My education consists of High School.  I can [can/cannot] read and understand English.

   2. This Statement in Advance contains all terms of the agreement between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms.  I understand the government and I cannot have terms of this plea agreement that are not disclosed to the Court.

   3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

   4. Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5.  I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.  I am satisfied with my lawyer.

7.  My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.  I have no mental reservations concerning the plea.

9.  I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 23rd day of August, 2022.

/s/ *Robert K. Hunt* for
Landon Germaine
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 23rd day of August, 2022.

/s/ *Robert K. Hunt*
Robert K. Hunt
Attorney for Defendant

      I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

      DATED this _____ day of August, 2022.

                                                   TRINA A. HIGGINS
                                                   United States Attorney

                                                   *s/Karin M. Fojtik*
                                                   Karin Fojtik
                                                   Assistant United States Attorney

                                                   Kaylynn Foulon
                                                 Trial Attorney
                                                 Child Exploitation and Obscenity
                                                 Section